**FOREST v. UNITED STATES.**

**SENTNER v. UNITED STATES.**

**MANEWITZ v. UNITED STATES.**

**MURPHY v. UNITED STATES.**
Nos. 14752 to 14755.

United States Court of Appeals
Eighth Circuit.

April 8, 1953.

James Frederick Forest pro se.

R. L. Witherspoon, St. Louis, Mo., and Sydney L. Berger, New York City (David Scribner, New York City, on the brief), for appellant William Sentner.

Robert Manewitz pro se.

Marcus A. Murphy pro se.

B. Franklin Taylor, Jr., Special Asst. to The Atty. Gen. (George L. Robertson, U. S. Atty., St. Louis, Mo., on the brief), for appellee.

Benjamin Roth, Eugene H. Buder and Glenn L. Moller, St. Louis, Mo., filed brief of St. Louis Civil Liberties Committee, amicus curiae.

Before SANBORN, RIDDICK, and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

James Frederick Forest, William Sentner, Robert Manewitz, and Marcus A. Murphy have been charged by an indictment with conspiracy, under 18 U.S.C.A. § 371, to violate the Smith Act, 18 U.S.C.A. § 2385, by advocating the overthrow of the Government by force and violence. Upon their arrest, bail for Forest was fixed at $40,000 and for each of the other defendants at $25,000. The District Court on September 30, 1952, after a hearing upon a motion of Sentner for the reduction of bail, reduced it to $15,000, which he promptly furnished. On November 15, 1952, the court, after a similar hearing, reduced the bail of the other defendants to $10,000 each.

All of the defendants filed motions for a further reduction of bail. Their motions were denied by an order of December 3, 1952. Each has appealed from the order, although all of them have given bail and

have been released from custody. They contend, however, that the court erred in refusing to further reduce the bail required of them, because the amount which was fixed was excessive, discriminatory and prejudicial as to each of them. '

■ The applicable law is that excessive bail shall not be required, United States Constitution, Amendment VIII, and that bail is excessive if set at a figure higher than an amount reasonably calculated to insure that the accused will stand trial and submit to sentence if convicted. Stack v. Boyle, 342 U.S. 1, 5, 72 S.Ct. 1, 96 L.Ed. 3.

Rule 46(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that the amount of bail "shall be such as in the judgment of the commissioner or court or judge or justice will insure the presence of the defendant, having regard to the nature and circumstances of the offense charged, the weight of the evidence against him, the financial ability of the defendant to give bail and the character of the defendant."

It is apparent from the record here that the District Judge, in appraising the risk involved in fixing bail for each defendant, was endeavoring to arrive at an amount which the defendant could obtain but which would furnish reasonable assurance to the Government that he would be on hand when wanted for trial. The Government, in the hearings which resulted in the reduction of bail from the figures originally set, took the position, and introduced evidence to show, that the defendants were prominent and active in the Communist Party organization, were subject to its orders and discipline, and could or might be spirited away before trial. There can be an honest difference of opinion as to whether the amount of bail required of those who, like the defendants, are accused of conspiring to violate the Smith Act has a substantial bearing upon the likelihood of their being absent when called for trial. See and compare, Stack v. Boyle, 9 Cir., 192 F.2d 56, reversed, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3, United States v. Schneiderman, D.C.S.D. Cal., 102 F.Supp. 52, Stack v. United States, 9 Cir., 193 F.2d 875, and Spector v. United States, 9 Cir., 193 F.2d 1002.

The defendants, not unnaturally, regard themselves for purposes of bail as better than normal or standard risks, and assert that low bail or no bail should have been required of them. The Government, on the other hand, classifies them—because of their affiliations and the nature of the organization of which they apparently are members—as substandard risks from whom very substantial bail should be exacted. The District Judge, who, so far as the record shows, evidenced no hostility or prejudice toward the defendants, fixed their bail at figures which he concluded were not unreasonable and which would enable the defendants to secure their release from custody.

[2] In determining how much bail an accused shall be required to give, there is considerable latitude between a figure which is clearly inadequate and one which is clearly excessive. When a trial judge, in fixing the amount of bail, has within these extremes exercised his best judgment, there is no logical reason, we think, why an appellate court should substitute its judgment for his. Problems relating to the giving of bail pending trial are essentially for trial judges, who, by experience and opportunity for taking evidence and ascertaining relevant facts, are better able to deal with such matters than are appellate courts. See Stack v. Boyle, supra, at page 11 of 342 U.S., at page 6 of 72 S.Ct.; Hanes v. United States, 6 Cir., 299 F. 296, 298; Bennett v. United States, 5 Cir., 36 F.2d 475, 477; United States v. Mule, 2 Cir., 40 F.2d 503; Connley v. United States, 9 Cir., 41 F.2d 49, 50; 6 Am.Jur., Bail and Recognizance, § 83, page 95.

The bail required of and given by the defendants is, in our opinion, not so high as to require a reversal of the order from which these appeals have been taken.

We have found it unnecessary to rule upon the Government's motions to dismiss these appeals upon procedural grounds.

The order appealed from is affirmed.