## HEIKKINEN v. UNITED STATES.
### No. 11008.
United States Court of Appeals,
Seventh Circuit.
Nov. 30, 1953.

Kenneth J. Enkel, Minneapolis, Minn., Pearl M. Hart, Chicago, Ill., for appellant.

Frank L. Nikolay, U. S. Atty., Madison, Wis., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

On October 14, 1953 an information was filed in the District Court for the Western District of Wisconsin charging appellant with violation of 8 U.S.C.A. § 156(c)[1] in that he, a resident alien, against whom an order of deportation was outstanding, wilfully failed to depart from the United States within six months from the date of that order. He was taken into custody and bail was set in the amount of $10,000, in proceedings not disclosed by the incomplete record certified to this court. On October 20, appellant moved that the bail be reduced; his motion was denied summarily. His notice of appeal from this order was filed October 29, 1953, and a short record brought to this court. By the instant motion, filed November 5, appellant asks this court to reduce the amount of bail

1. Immigration and Nationality Act of 1952, § 242(e), 8 U.S.C.A. § 1252(e).

or to remand the cause to the court below with directions to reduce bail.

At some time subsequent to October 21, as appears from affidavits filed in support of, and against, this motion, all criminal proceedings herein were stayed for a period of 90 days to enable appellant to arrange for his entry into Finland for permanent residency.

■ Since appellant has not yet been brought to trial he has an absolute right to be admitted to bail, F.R.Crim.P. rule 46(a), 18 U.S.C.A., based, as to the amount fixed, on the standards prescribed by F.R.Crim.P. rule 46(c) for the purpose of securing his presence for trial. Bail set at an amount higher than that reasonably calculated to insure that an accused will appear to stand trial and submit to sentence if convicted is excessive, and falls within the proscription of the Eighth Amendment of the Constitution of the United States. Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3; Forest v. United States, 8 Cir., 203 F.2d 83; United States ex rel. Rubinstein v. Mulcahy, 2 Cir., 155 F.2d 1002. Measured by these standards, a substantial question is presented whether the trial court required excessive bail. However, we must first determine whether we have jurisdiction to review the order denying appellant's motion before final judgment.

This question was of importance in two categories of recent cases, namely, those involving alien defendants and those involving defendants charged under the Smith Act, 18 U.S.C.A. § 2385, with conspiracy to overthrow the government by force. In United States ex rel. Rubinstein v. Mulcahy, 2 Cir., 155 F.2d 1002, bail of $500,000 was assessed for the release of an alien awaiting trial on an indictment charging violation of the Selective Service Act, 50 U.S.C.A.Appendix, § 311. In holding that excessive bail had been fixed, the court of appeals for the Second Circuit, one judge dissenting, held that the proper remedy to challenge the fixing of excessive bail was a petition for a writ of habeas corpus. On a similar fact situation, the Ninth Circuit, one judge dissenting repudiated the Mulcahy decision and held that an order fixing excessive bail could not be challenged in a habeas corpus proceeding, but could be questioned only by a motion to reduce bail. Stack v. Boyle, 9 Cir., 192 F.2d 56.

■ On certiorari, the Supreme Court affirmed the judgment denying petitioners' applications for writs of habeas corpus, without prejudice, however, to petitioners, on remand, to move the district court for a reduction of bail. Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3. The court said, 342 U.S. at pages 6-7, 72 S.Ct. at page 4: "The proper procedure for challenging bail as unlawfully fixed is by motion for reduction of bail and appeal to the Court of Appeals from an order denying such motion. Petitioners' motion to reduce bail did not merely invoke the discretion of the District Court setting bail within a zone of reasonableness, but challenged the bail as violating statutory and constitutional standards. And there is *no discretion* to refuse to reduce excessive bail, the order denying the motion to reduce bail is appealable as a 'final decision' of the District Court under 28 U.S.C. (Supp. IV) § 1291, 28 U.S.C.A. § 1291. Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 545-547, 69 S.Ct. 1221, 1225-1226, 93 L.Ed. 1528. In this case, however, petitioners did not take an appeal from the order * * * denying their motion for reduction of bail. Instead, they presented their claims under the Eighth Amendment in applications *for writs of habeas corpus.* While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, * * * the District Court should withhold relief in this collateral [proceeding] where an adequate remedy available in the criminal proceeding has not been exhausted." (Emphasis supplied.)

■ This language has been construed as the adoption, for application in *criminal cases, of the principle announced* in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, and Swift & Co. Packers v.

Compania Colombiana Del Caribe, S.A., 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206, that an order which does not terminate an action, but is made in the course of the action, has the finality that Section 1291 requires for appeal if it has a final and irreparable effect on the rights of the parties, is too important to be denied review, and the claimed right is not an ingredient of the cause of action and does not require consideration with it. United States v. Cefaratti, 91 U.S.App.D.C. 297, 202 F.2d 13, 16. Under these authorities, the order denying appellant's motion for a reduction of bail is an appealable order, and is properly before this court.

As previously noted, this appeal presents a substantial question whether bail was not unlawfully fixed. The incomplete record before the court is unsatisfactory. Appellant's motion was summarily denied, and the transcript of this proceeding does not reveal the factors on which the court based its decision fixing bail at $10,000. This transcript, in pertinent part, reads as follows:

"The Court: And you have another motion here for reduction of bail?

"Mr. Enkel, defense counsel: Yes I have.

"Court: That is also denied."

Counsel then requested that his motion be construed as a petition for a writ of habeas corpus. This request was denied, the court stating:

"Court: You have moved for reduction of bail here. The Immigration and Naturalization Department has requested $10,000 bail. *There may be some reason for it.*" (Emphasis supplied.)

From affidavits filed in support of the original motion it appears that appellant was placed under arrest in 1950 by the Immigration and Naturalization Service as a deportable alien and confined in jail until a United States court ordered him released on $2500 bail; that on April 25, 1952, proceedings before the Immigration Service terminated in an order of deportation; that, in the fall of that year, appellant was placed on supervisory parole by the Immigration Service, which required him to report at regular intervals to its Duluth office, and the bail bond posted by him was released; that he has, at all time subsequent to his arrest in 1950, complied fully with commands of the Immigration Service; that his departure from the United States, in compliance with the deportation order, has been delayed by questions arising as to appellant's right to reenter Canada, of which he is a naturalized citizen; and that his Canadian citizenship was ultimately revoked, making his entry into that country impossible. These facts are reaverred here in affidavits supporting the instant motion, and none is denied by the Government. Appellant states that his assets are limited solely to about $1000 cash, and a moderate weekly income when working. Furthermore, as previously noted, the District Court has stayed all further proceedings for a period of ninety days to enable appellant to attempt to gain reentry into his native Finland, and, thereby, comply with the deportation order.

The record not only discloses no evidence submitted by the Government, but also is devoid of anything to indicate the basis for the assessment of bail at $10,-000. In the language of the court below, "there may be some reason for" the Government's request for bail in that amount. As the Supreme Court said in Stack v. Boyle, 342 U.S. 1, at page 6, 72 S.Ct. 1, at page 4, 96 L.Ed. 3, "To infer from the fact of indictment alone a need for bail in an unusually high amount is an arbitrary act. Such conduct would inject into our own system of government the very principles of totalitarianism which Congress was seeking to guard against in passing the statute under which petitioners have been indicted. [Smith Act] "If bail in an amount greater than that usually fixed for serious charges of crimes is required in the case of any of the petitioners, that is a matter to which evidence should be directed in a hearing so that the constitutional

rights of each petitioner may be preserved."

■■ While that case is inapposite in that it dealt with a situation where bail of $50,000 was fixed for each of some 12 defendants without regard to the requirements of each individual case, it stands as controlling authority for the principle that every accused person is entitled to a hearing at which evidence relevant to his individual case is considered to determine the amount of bail necessary to assure his presence for trial. We construe this to require, on request, a factual determination by the court fixing bail which will support the need for the amount of bail fixed. While this involves a wide degree of discretion in the trial court to fix bail within permissible limits, it does not embrace any discretionary power to fix excessive bail or to refuse "to reduce excessive bail". Stack v. Boyle, supra.

■ On this record, therefore, this case must be remanded to the District Court with directions to grant appellant a full hearing on his motion. Whether $10,000 bail is excessive can be determined only after such a hearing. The Government contends, in opposition, that that sum is not excessive in view of the nature of the crime charged and the permissible penalty therefor. While such factors must be considered by the court in fixing bail pending trial, they are given no preeminence in the rule over the other factors relevant for consideration, namely, "the financial ability of the defendant to give bail, the character of the defendant and the weight of the evidence against him." See, F.R.Crim.P. rule 46(c).

The relief sought under the instant motion is, however, co-extensive with that to which appellant may ultimately be entitled on the resolution of his appeal. He moves the court to enter an order reducing bail or, in the alternative, to remand the cause to the District Court with directions to reduce bail. Can this court's decision of the issue raised by this appeal be accelerated by motion in a case of this nature? May appellant thus by-pass the usual appellate procedure of this court?

■ In view of the nature of the case, and the state of the record herein, we are of the opinion that the court may thus dispose of the cause. This is, by its very nature, an emergency matter. Bail is awarded to one accused, under our system of constitutional government, to honor the presumption of innocence until guilt is proved, and to enable an accused person to prepare his defense to the charge. Stack v. Boyle, supra. When it appears that an accused person has been denied his constitutional right to a hearing in a proceeding to fix bail pending trial, to require him to remain in jail until his appeal can be heard will not effectuate the purpose of granting bail.

■ In Stack v. Boyle, supra, on petition for certiorari and an application for interim relief, where it appeared that all issues raised thereby had been argued, the court granted certiorari and decided the case immediately, expressly because, "Relief in this type of case must be speedy if it is to be effective." 342 U.S. at page 4, 72 S.Ct. at page 3. It appears on the face of the record that appellant was denied a hearing on his application to reduce bail, and that a substantial question exists as to the propriety of the order assessing bail. In the absence of a showing of a need for formal argument on this matter, we dispose of the cause at this time.

The Government has filed an answer to the instant motion which does not in any way refute the facts on which appellant relies. It contends that the fixing of bail is discretionary with the trial court; that the amount of bail set during the administrative proceeding is not controlling; and that appellant has failed to show that the bail fixed in this case is unusually large for the nature of the crime charged. The first of these ignores the principle of the Stack case and Forest v. United States, 8 Cir., 203 F.2d 83, that the court's discretion is confined within the permissible limits of reasonableness. The second point is concededly correct, but the amount of bail

required during the administrative proceeding, together with evidence of appellant's fulfillment of the obligations imposed by that bond, is evidence bearing on the question of reasonableness. The third contention, as noted previously, merely isolates one element which the trial court must consider in fixing bail in each case.

The further contentions of the Government that appellant is a Communist alien subject to deportation and that he has made no "serious effort" to deport himself are merely a restatement of the charge against him and of the ultimate facts which the Government must prove to sustain a conviction. Furthermore, no facts are averred by the Government to support any of the contentions previously noted; they are stated merely as conclusions of counsel.

The Government relies also on appellant's admission that he is attempting to gain entry into Finland, and concludes that this reveals that he intends, if released, "to escape punishment" by leaving the jurisdiction. No contention is made however, that this expressed intention of appellant is not wholly in accord with the mandate of the court below under its order staying further proceedings herein.

On remand the court should receive evidence relative to appellant's financial ability to secure bail. Absence of this evidence in the record is certainly not fatal to appellant's cause, where, as here, the fixing of bail at $10,000 was justified, on disposition of appellant's motion below, by an assumption of the court that "there must be a reason for it," and not on the basis of substantial evidence of the need therefor.

For the reasons stated, we grant the motion and remand the cause to the District Court with directions to grant appellant a hearing on his motion. After such hearing, it will be appropriate, if the need arises, for this court to consider the question of the reasonableness of the amount ultimately fixed under the provisions of Rule 46(c) and the principles of the controlling cases. In view of the nature of the answer made by the Government, devoid of factual averment, we do not believe it can rightfully complain that it was denied an oral hearing on this motion.