**SWANNE SOON YOUNG PANG**
v.
**UNITED STATES.**

No. 13728.

United States Court of Appeals,
Ninth Circuit.

Dec. 21, 1953.

Rehearing Denied Jan. 26, 1954.

O. P. Soares, Honolulu, Hawaii, for appellant.

A. William Barlow, U. S. Atty., Nat Richardson, Jr., and Louis Blissard, Asst. U. S. Attys., Honolulu, Hawaii, Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

Pang appeals from a judgment and sentence by the district court after trial by jury resulted in a verdict of guilty on one of two counts charged.

The questions presented by the appeal are: (1) whether it was error for the trial judge to instruct the jury on aiding and abetting (accessory before the fact) where the indictment charges the defendant only with being a principal and (2) whether there is sufficient evidence to support the verdict of the jury.

Appellant Pang and two co-defendants, Weiler and Davis, were indicted on charges of violating the Mann Act, 18 U.S.C. § 2421, by transporting women for immoral purposes within the Hawaiian Islands. Pang was indicted on two counts and was found not guilty as to Count I and guilty as to Count II.

Count II of the indictment charges Pang and Weiler with transporting Margaret Westphal and Jane Doe from Kolo Wharf, Island of Molokai, to Maunaloa Camp on the same island for the purposes of prostitution.

The evidence, viewed in the light most favorable to the Government, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680, shows that as to the Jane Doe accusation Weiler chartered Davis' boat and transported three women from Honolulu to Kaunakakai, Island of Molokai, where the boat was met by

Pang. After some conversation between Pang and Weiler, the boat went from Kaunakakai to Kolo Harbor. Pang did not travel on the boat but made the trip by car. The women engaged in prostitution at Kolo Harbor and the money was received by Pang and Weiler; and Pang moved a cushion for one of the women from the boat to the dock.

Later, Pang and Weiler accompanied two of the women and Margaret Westphal from the Harbor to Maunaloa Camp where the women again engaged in prostitution. While the women were "working" inside of a house, Pang sat on the porch. The car which originally took the girls to the boat in Honolulu belonged to Pang. The purpose of the trips was so that the women could engage in prostitution.

(A) *Instructions:*

In instructing the jury, the court stated of the defendants as follows:

"They are jointly indicted, and under another rule of law, namely, Section 2 of Title 18 as amended a person who aids, counsels, commands, induces or procures the commission of an offense is likewise punishable as a principal. Of course, the doer of the act is a principal without question, but the law regards aiders and abettors as also in the same category."

Appellant contends that the court erred in giving the above quoted instruction on aiders and abettors where the indictment alleged only that he had in fact transported women for immoral purposes within a territory of the United States. No authorities are cited in support of this position and we have found none. 18 U.S.C. § 2 formerly provided that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal." The same argument was presented in Nye & Nissen v. United States, 336 U.S. 613, at pages 618–619, 69 S.Ct. 766, at pages 769–770, 93 L.Ed. 919, where the Supreme Court held that the verdict could be supported on the theory that one who aids or abets the commission of a crime is as responsible for the crime as if he committed it directly.

In 1951, this section was amended by Section 17B of the Act of October 31, 1951, so that the words "is a principal" were stricken and in their place were inserted the words "is punishable as a principal." Appellant argues that this amendment, which became effective prior to the date the crime was allegedly committed, effected a substantive change in the law so as to require that one be charged as an aider or abettor in the indictment if he is to be tried as such. We do not agree. Senate Report 1020, 82nd Cong., 1st Sess., (reported in 1951 U.S.Code Cong.Serv., p. 2578, at p. 2583) reveals that this amendment was "intended to clarify and make certain the intent to punish aiders and abettors regardless of the fact that they may be incapable of committing the specific violation which they are charged to have aided and abetted." More specifically, the amendment was aimed at cases where criminal statutes "are limited in terms to officers and employees of the Government, judges, judicial officers, witnesses, officers or employees or persons connected with national banks or member banks." There is no evidence of any Congressional intent to change the substantive law that an aider and abettor is a principal, and the rule of Nye & Nissen v. United States, supra, is still the law.

(B) *Sufficiency of the Evidence:*

Appellant asserts that the evidence was insufficient to support the verdict. The record fails to show that this question was raised in the trial court by motion for directed verdict, motion for judgment of acquittal, or otherwise. See Love v. United States, 9 Cir., 74 F.2d 988. Be that as it may, it is clear that here there is sufficient evidence to support the verdict of the jury.

The judgment is affirmed.