**UNITED STATES of America**

v.

**Joseph N. BUX, Appellant,**

**No. 12654.**

United States Court of Appeals Third Circuit.

Submitted Nov. 18, 1958.

Decided Dec. 19, 1958.

---

808

Anthony A. Calandra, Newark, N. J., for appellant.

Chester A. Weidenburner, U. S. Atty., Frederic C. Ritger, Jr., Asst. U. S. Atty., Newark, N. J., for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and KALODNER, Circuit Judges.

PER CURIAM.

■ Bux was indicted on a four count indictment. Count one charged him with having by force and violence and intimidation taken money belonging to a federally insured savings and loan association, the City Federal Savings and Loan Association (Association). 18 U.S.C. § 2113(a) (1952). Count two charged him with putting the life of the branch manager of the Association in jeopardy by the use of a firearm. 18 U.S.C. § 2113(d) (1952). Count three charged him with forcing the branch manager to accompany him without his consent. 18 U.S.C. § 2113(e) (1952). See 18 U.S.C. § 2113 (g) (1952). Count four charged him with the larceny of money from the First National Bank of Toms River. 18 U.S.C. § 2113(b) (1952). Bux was convicted on all four counts. The court considered the three offenses charged in the first three counts of the indictment as constituting a single violation and sentenced him to a single sentence of fifteen years imprisonment on all three counts. The court then sentenced Bux to five years imprisonment on count four to run consecutively and subsequent to the sentence imposed on counts one, two, and three.

Bux does not attack the judgment of conviction based on the fourth count but takes the position that the evidence to sustain the judgment of conviction on the first three counts was "insufficient". This contention is based on the fact that while it is clear that Bux and three confederates planned the robbery, that Bux was at the scene of the crime and acted as lookout, that he informed a confederate "go ahead" upon learning from a statement made to another confederate by the branch manager that only $8,000 was in the safe, and that he participated in the fruits of the robbery of the Association, he nonetheless did not supply the revolver with which one of the robbers threatened the branch manager and did not specifically compel the branch manager to accompany the gang on their getaway.

■ The point made is too tenuous to sustain a reversal of the judgments of conviction on the first three counts. We view Bux as a principal in the commission of the crimes and conclude that he was properly charged with the commission of the substantive offenses. But even if he be deemed to be only an aider and abettor and not a principal, he could be and was charged properly with the substantive offenses prohibited by the statutes. Nye & Nissen v. United States, 1949, 336 U.S. 613, 618–619, 69 S.Ct. 766, 93 L.Ed. 919; Pang v. United States, 9 Cir., 1953, 209 F.2d 245; United States v. Klass, 3 Cir., 1948, 166 F.2d 373, 380–381. Cf. United States v. Moses, 3 Cir., 1955, 220 F.2d 166. See 18 U.S.C. § 2 (1952). The trial court, as Bux concedes, adequately instructed the jury as to what constitutes aiding and abetting.

In our view the evidence was sufficient to convict Bux and under the applicable principles of law there is no variance. The judgments of conviction will be affirmed.