Ralph Charles KAUFMAN and Jack Harry Edwards, Appellants,

v.

UNITED STATES of America, Appellee.

No. 18415.

United States Court of Appeals Ninth Circuit.

Dec. 10, 1963.

David E. Smith, Fresno, Cal., for appellants.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, and William D. Keller, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, ORR and BARNES, Circuit Judges.

PER CURIAM.

This is an appeal by each of two defendants from a jury verdict holding each guilty of robbing a national bank, during which robbery the two defendants (with a third defendant, one Conner, who turned state's evidence) are accused of assaulting and putting in jeopardy the lives of various bank employees. Defendant Edwards was accused of using "a .38 calibre revolver," defendant Kaufman with using "a .45 calibre automatic pistol," and defendant Conner with using "a revolver."

Appellants' brief is three pages in length and cites no cases. But two questions are raised:

1. Did the trial court err in denying appellant Kaufman's motion to reduce bail?

2. Does the evidence support the verdict of guilty as to defendant Edwards, in view of the lack of testimony that he personally carried a gun into, or while in, the bank at the time it was robbed?

Thus there is no question raised as to Kaufman's guilt or as to Edwards' participation in the robbery; the only question is whether there was proof Edwards had a gun in his hands. Nor is there any question but that both Kaufman and Conner held guns in their entry into the bank premises, and that they "covered" bank employees with such guns and threatened them—clearly an assault.

There likewise is no question but that Kaufman was the leader, the brains, the instigator of a well planned armed bank robbery wherein $42,600 was taken at the point of two guns.

The determination of what bail is proper to grant is peculiarly a matter of discretion with the trial court. Petition of Johnson (1952) (unreported in official reports), 72 S.Ct. 1028, 96 L.Ed. 1377; Connley v. United States of America, 9 Cir. 1930, 41 F.2d 49. The fixing of excessive bail is unconstitutional, and no matter what amount is set the exercise of discretion in fixing it is appealable. Stack v. Boyle, (1951) 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3. The appeal time is within ten days (F.R.Cr.Proc. 37(a)). "Orders fixing bail are reviewable, but not upon an appeal from a judgment of conviction." Hewitt v. United States of America, 8 Cir. 1940, 110 F.2d 1, 6, cert. den. 310 U.S. 641, 60 S.Ct. 1089, 84

L.Ed. 1409. Appellant Kaufman's point is therefore not properly or timely raised on this appeal.

Turning to Edwards' appeal, the crime charged against him (18 U.S.C. § 2113(a, d)) was an offense against the United States. One who aids or abets the commission of such an offense is punishable as a principal. (18 U.S.C. § 2(a)) Nye & Nissen v. United States of America, (1949) 336 U.S. 613, 619n4, 69 S.Ct. 766, 93 L.Ed. 919. As to robbery, see Norris v. United States of America, 5 Cir. 1946, 152 F.2d 808, cert. den. 328 U.S. 850, 66 S.Ct. 1118, 90 L.Ed. 623. As to bank robbery, see Dawes v. United States of America, 6 Cir. 1949, 177 F.2d 255; United States of America v. Simmons, 2 Cir. 1960, 281 F.2d 354; United States of America v. Pravato, 2 Cir. 1960, 282 F.2d 587, and particularly United States of America v. Bux, 3 Cir. 1958, 261 F.2d 807, which is directly in point.

Thus the guns held by Kaufman and Conner were as much held by Edwards as by them.

Affirmed.