**William H. TIMMONS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18751.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 5, 1965.

Decided Jan. 28, 1965.

Mr. John C. Poole Washington, D. C., (appointed by this court), Washington, D. C., for appellant.

Mr. Daniel J. McTague, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and FAHY and DANAHER, Circuit Judges.

### JUDGMENT

PER CURIAM.

This case came to be heard on the record on appeal from the United States District Court for the District of Columbia and on appellant's motion for reduction of bail, and the court heard argument of counsel.

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this court that the judgment of the District Court appealed from in this case is affirmed; and in view thereof, it is

FURTHER ORDERED by the court that appellant's motion for reduction of bail is denied.

BAZELON, Chief Judge (concurring):

While on bail pending trial for the charge (assault with a deadly weapon) of which he stands convicted, appellant was arrested on a two-year-old warrant charging him with being a fugitive from justice.[1] Bail was set on this charge, but appellant's bondsman apparently requested and was granted permission to surrender him to custody on his bond for the assault charge rather than accept a second premium. Thus appellant, although admitted to bail and apparently able to pay for a bond, was in custody for the two months immediately preceding his trial. Consequently, he was unable as freely to consult with his counsel and to aid in the preparation of his defense as he would have been had he remained at large.

Because the issue has been raised for the first time on appeal, it is not possible to assess the prejudice which appellant may have suffered. In all the circumstances of the case, I do not think that further proceedings would be justified, and, in the absence of other error, join the affirmance of the conviction.

It is worth noting, however, that the judge below need not have given conclusive force to the bondsman's desire to surrender appellant as a poor risk.[2] Since bond had originally been accepted and the bondsman was seeking to return his charge to custody, it would have been possible—and proper—for the court to inquire carefully into the circumstances which allegedly rendered appellant a poor risk.[3] Moreover, even if he felt constrained to accept the bondsman's judgment as to the acceptability to the bondsman of appellant as a risk, the judge could—and should—have inquired into alternative means of assuring the accused's appearance at trial. Increasingly, the accent in bail practice is

" * * * on allowing defendants release on their own recognizance,

---

1. It is alleged that appellant had been convicted in Florida of manslaughter, and paroled after serving three years of his term to the District, under the supervision of the District of Columbia Parole Board. For reasons which have never been stated, the District Parole Board requested the Florida authorities to recall appellant in July of 1962. The Florida authorities issued a warrant for appellant's arrest. The issuance of this warrant gave color to the claim that appellant was a fugitive. A District warrant was issued for his arrest, and it was this warrant which was served last spring. The prosecution under this warrant eventually terminated in a nolle prosequi, entered in open court.

2. *Cf.* Pannell v. United States, 115 U.S. App.D.C. 379, 380, 320 F.2d 698, 699 (1963) (concurring opinion).

3. Whatever a new arrest may import generally for a judgment as to risk, the warrant used in this case seems to add little to the information which would have been available to the bondsman when he originally decided to give surety. Appellant's probationary status was certainly known; the issuance of a fugitive warrant could readily have been inferred. It is alleged that the warrant had previously been served in Maryland, and that custody under it was dismissed.

with adequate and certain penalties for non-appearance. Today fugitives do not go very far or maintain their status as such very long, so no money guarantee is required to insure their appearance when ordered. Encouragement to appear should not be in the form of loss of the bondsman's money, but rather in loss of the defendant's liberty. Actually, under the professional bondsman system the only one who loses money for non-appearance is the professional bondsman, the money paid to obtain the bond being lost to the defendant in any event." [Pannell v. United States, 115 U.S.App.D.C. at 380, 320 F.2d at 699.] [4]

There is no indication whether the judge who accepted the return of appellant to custody undertook either line of inquiry. I observe only that it may be required.

---

4. See generally, FREED & WALD, BAIL IN THE UNITED STATES: 1964 (1964) (A Report to the National Conference on Bail and Criminal Justice); Alston v. United States, 119 U.S.App.D.C. ——, 343 F.2d 345, Order of Dec. 28, 1964 (dissenting statement). It is of interest that appellant's bail bond premium was apparently not returned upon his surrender, so that he lost his money and his freedom, both.