Joseph **DAVIS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19321.

United States Court of Appeals District of Columbia Circuit.

May 15, 1965.

De Long Harris, Washington, D. C., and Mrs. Annice Robinson McBryde, Detroit, Mich., were on the pleadings for appellant.

David C. Acheson, U. S. Atty., Frank Q. Nebeker and Patrick H. Corcoran, Asst. U. S. Attys., were on the pleadings for appellee.

---

1. D.C.CODE § 47–2339.

2. 201 A.2d 530 (1964).

Before BAZELON, Chief Judge, and FAHY and BURGER, Circuit Judges, in Chambers.

## ORDER

PER CURIAM.

On consideration of appellant's motion for bail, of appellee's opposition thereto and appellant's reply, it is

Ordered by the court that appellant's motion be granted, and appellant is admitted to bail, pending disposition of this appeal, upon his filing in this court or the United States District Court for the District of Columbia, of a bond in the sum of ten thousand dollars ($10,000) with surety to be approved by the Clerk of the Court in which said bond is filed, or upon deposit of said amount with the Clerk of the District Court, in cash or bonds or notes of the United States, and executing a bond for his appearance, pursuant to Rule 46(d) of the Federal Rules of Criminal Procedure; appellant's bond to be conditioned upon the following:

(1) Such release shall be subject to the provisions of Title 18 U.S.C. § 3146;

(2) Appellant shall surrender himself forthwith to the custody of the United States Marshal for the District of Columbia when properly called upon to do so, to be dealt with and proceeded against in his case according to law, in case the judgment appealed from in his case shall be affirmed, or the appeal be for any cause dismissed, or the judgment be reversed and a new trial ordered, or further order of this court be entered revoking or vacating this order;

(3) Appellant shall, immediately upon his release on bond, report to the Probation Officer of the United States District Court for the District of Columbia;

(4) Appellant shall, pursuant to the discretion and direction of the said Probation Officer, report to him or his designated deputy at such regular intervals as the said Probation Officer shall direct and be subject to the same conditions applicable to probationers under his supervision;

(5) Appellant's continued release on bail shall be further conditioned upon his being continually employed on a full time basis while released on bail pending appeal.

The aforesaid Probation Officer is requested to promptly inform this court of any matters which may come to his attention during such supervision that may adversely affect appellant's right to remain on bail.

BAZELON, Chief Judge (concurring):

Appellant was convicted of conspiracy to violate the narcotics laws.[1] The trial court denied his motion for bail pending appeal in the following memorandum, in pertinent part:

The appeal not appearing to be frivolous and not taken for delay, I have before me, therefore, only one question, namely: Whether the community may be threatened by defendant's release, or the safety of the community would be jeopardized.

From the presentence report, the evidence at the trial, and the opposition of the District Attorney, it appears that defendant has an extensive criminal record, has been living outside the law for many years, his principal income being derived from the operation of a numbers enterprise and the sale of narcotics.

He is not an addict, but a wholesale dealer in narcotics on a large scale. It was his practice to sell to middlemen, who sold to the salesmen or "pushers" as they are called in the vernacular, for sale to the ultimate consumers. In this manner defendant has attempted to insulate himself from detection

---

1. 18 U.S.C. § 371.

through intermediaries, and left the small, shabby vendors, who are frequently also addicts, to face the rigors of the law.

With this background would the community be threatened and would the safety of the community be jeopardized by his release?

He has had several convictions in the past, including burglary and sale of narcotics, and he would not appear to be dangerous in the sense of a murderer, a rapist or an armed robber; but when I consider the large number of persons ultimately affected by the activities of a wholesale supplier, I believe that the community would be threatened and its safety would be jeopardized, perhaps more than it would be in the case of a man of extreme violence, whose field of operations would be limited.

Of course, this presupposes that defendant would resume his operations. No one can be certain of that, nor can one be certain that a man of violence would resume his life of violence, but it is equally as likely, and perhaps more likely, in the case of a purveyor of narcotics whose livelihood will depend on continuing this past pattern of his life.

There is one other matter that deserves mention, and it is this: One of the purposes of punishment is its deterring effect on others. This is a violation of the law which preys on the weaknesses of mankind. It is a planned, organized, syndicated type of crime. Many persons will undoubtedly hear of defendant's conviction, and if released on bail pending appeal and in a few days he is seen in his usual haunts, and not incarcerated, the uninformed will believe that in some manner he has circumvented the law and those similarly disposed will be encouraged to enter into, or continue in, this vicious type of criminal enterprise, and the deterrent effect will be immeasurably lessened.

Danger to the community is, in some circumstances, a ground for denial of bail pending appeal.[2] But "[i]mprisonment to protect society from predicted but unconsummated offenses is so unprecedented in this country and so fraught with danger of excesses and injustice that [courts should be] loath to resort to it, even as a discretionary judicial technique to supplement conviction"[3] for serious offenses. The finding that appellant is likely to commit offenses if released on bail must at least "be supported by a scrupulous inquiry into appellant's past history and all other relevant circumstances."[4] Moreover, because the right to bail pending appeal is "heavily favored,"[5] the "burden [is] on * * * the Government to persuade the trial judge that the minimum standards for allowing bail have not been met."[6] The court's action must be examined in light of these principles.

The court denied bail because it found that appellant was likely to "resume his operations" as a narcotics wholesaler, which would endanger the community. The court appears to rely on two grounds for this finding. The first is that appel-

2. Rule 33(f), General Rules of the United States Court of Appeals for the District of Columbia Circuit; Carbo v. United States, 82 S.Ct. 662, 7 L.Ed.2d 769 (1962) (Mr. Justice Douglas as Circuit Justice).

3. Williamson v. United States, 184 F.2d 280, 282 (2 Cir. 1950) (Mr. Justice Jackson as Circuit Justice).

4. Hairston v. United States, 119 U.S.App. D.C. 120, 343 F.2d 313, per curiam order decided February 2, 1965 (dissenting opinion).

5. Bandy v. United States, 81 S.Ct. 197, 198, 5 L.Ed.2d 218 (1960) (Mr. Justice Douglas as Circuit Justice); Leigh v. United States, 82 S.Ct. 994, 8 L.Ed.2d 269 (1962) (Chief Justice Warren as Circuit Justice for the District of Columbia Circuit).

6. Ward v. United States, 76 S.Ct. 1063, 1065, 1 L.Ed.2d 25 (1956) (Mr. Justice Frankfurter as Circuit Justice).

lant "has had several convictions in the past, including burglary and sale of narcotics." Appellant's prior narcotics conviction took place in 1953, for which he was sentenced from sixteen months to four years imprisonment. He had been convicted in 1946 of a misdemeanor, illegal possession of numbers slips, and in 1935 he was convicted of burglary. Prior to 1935 he has an extensive record of convictions for such offenses as petty larceny. Appellant's criminal record does not show that he has a recent proclivity to repeat narcotics offenses.

Moreover, appellant was released on bail for approximately one year between his arrest and conviction for the present offense. But the Government did not allege before the trial court or this court that appellant had engaged in any narcotics offenses during that time or even that he had been observed in suspicious circumstances. In this court, the Government does allege that appellant was arrested on two occasions during the past year, once for maintaining gambling premises and once for violation of the National Firearms Act. But these arrests do not show that appellant engaged in narcotics offenses while released on pretrial bail.[7] The evidence regarding appellant's conduct during that time is not sufficient to support denial of bail on grounds of dangerousness.

The second ground cited by the court is that "appellant's livelihood will depend on continuing this past pattern of his life," that is, selling narcotics. This finding is expressly contradicted by affidavits, verified by the District of Columbia Bail Project, from two employers promising to hire appellant, if released on bail, as a "general restaurant worker in a full-time capacity at a salary of Fifty Dollars

($50) per week" and for part-time work as a "general store clerk, to work 24 hours per week at the rate of $1.50 per hour."

One other reason is cited in the trial court's memorandum as grounds for denial of bail: that the "deterrent effect" of the criminal law will be "immeasurably lessened" if appellant is seen "in his usual haunts, and not incarcerated," immediately following his conviction. This wrongly implies that bail may be denied to punish a convicted defendant for deterrent effects. Moreover, this ground is not sufficient to overcome the principles that bail pending appeal is "heavily favored" in all cases and that bail may be denied only on the basis of an individual judgment regarding the defendant and not an automatic presumption based on the character of the offense.[8]

The Government has not met its burden of persuasion that bail should not be granted. Indeed, it is evident that the Government did not even attempt to meet that burden below. When appellant requested bail, the Government said only: "We would oppose bond pending appeal on the grounds that the nature of the offense involves a danger to the community. The past record of this man supports it would be a danger to the community." While the court may rely on sources other than the Government, such as the presentence report, to deny bail, it must indicate its findings so that "[t]here is [a] record on which we may proceed."[9] On this record, the court's finding of dangerousness is not adequately supported. I therefore agree that appellant should be admitted to bail in the amount of $10,000.[10] with the con-

7. Appellant alleges, and the Government does not deny, that both charges for which he was arrested were dismissed by the United States Commissioner for insufficient evidence.

8. Compare Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1952).

9. Pelletier v. United States, 120 U.S.App. D.C. ——, 343 F.2d 322, per curiam order dated February 16, 1965 (concurring opinion).

10. It appears from affidavits in the record that appellant is able to afford bail in this amount.

ditions that he report regularly to a probation officer and that he be continually employed on a full-time basis.

BURGER, Circuit Judge, would deny appellant's motion for bail.