coach was sufficient to have caused the aggravated suffering of which he complained.

The appellant introduced six witnesses, all of whom testified that they were working on the train and did not remember the appellee or any of the circumstances related by him. The Pullman conductor testified that the berth had been reserved for the appellee, but, not being called for by him, was sold to some one else. None of the train crew had any knowledge of the matter. It is argued that the trial court erred in refusing to grant appellant's motion for a directed verdict on the ground that the preponderance of the evidence in its behalf was so overwhelming as to render the testimony of the appellee unbelievable by any fair and reasonable man.

We are unable to acquiesce in this view. It is true that the testimony involving essential facts weighs in favor of the appellant on a numerical basis in the ratio of six to one, but it is admitted that appellee made the trip on the train and held tickets entitling him to a Pullman berth which he did not occupy. His general reputation for truth and veracity has not been impeached; his testimony as to what took place between him and the conductor is consistent with the admitted facts and not contrary to all reasonable probability. Therefore, there is substantial evidence sufficient to support the verdict.[1]

The judgment of the district court is affirmed.

Stanley Ide LaCov, of New York City, for the motion.

Rudolph Halley, of New York City, opposed.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The defendant was convicted for using the mails in a scheme to defraud. He applied to the trial judge for bail, who, as the moving affidavit alleges, denied the application on the ground that "he had no further jurisdiction on the question of bail and stated that application therefor must be made" to the circuit court of appeals. The defendant thereupon made this application. The situation is covered by Rule VI of the Supreme Court Rules of Practice and Procedure after Plea of Guilty, 28 U.S.C.A. following section 723a, which so far as relevant reads as follows: "Bail may be granted by the trial judge or by the appellate court, or, where the appellate court is not in session, by any judge thereof or by the circuit justice". While we cannot find that any court has construed these words, we think that their meaning is clear. Verbally, it is true, the defendant may apply in the first instance either to the trial judge or to the circuit court of appeals if it is in session; and it might even be held

### UNITED STATES v. HANSELL.

Circuit Court of Appeals, Second Circuit.

Feb. 9, 1940.

---

[1] Howard v. Louisiana & A. R. Co., 5 Cir., 49 F.2d 571; Woodward v. Atlantic Coast Line R. R., 5 Cir., 57 F.2d 1019; Reid v. Maryland Casualty Co., 5 Cir., 63 F.2d 10; Heatherly v. Southern R. Co., 5 Cir., 106 F.2d 894; Faulkner v. Middleton, Miss., 190 So. 910.

614

that having applied to one, he must be content. We do not so understand the rule; rather we think it means that he may apply to both. That being so, it is obviously desirable that he shall first apply to the trial judge, who necessarily knows more of the case than the circuit court of appeals can learn, certainly while the record remains in the district court, as it almost always does. His ruling will help us greatly; particularly if he states why he does not think the appeal raises any "substantial question which should be reviewed". In that event, the defendant will have to satisfy us that the judge's reasoned conclusion should not prevail, and we shall not be left in a welter of assertion and counter-assertion in affidavits from which we have no adequate means of emerging.

We therefore hold that as a preliminary to application for bail in this court, the defendant must apply to the trial judge, unless some good cause is shown for not doing so. Without therefore considering the application on the merits, we dismiss it with leave to apply to the trial judge. Bail will be continued until that application shall have been decided.

Application denied without prejudice.

**WISE v. COMMISSIONER OF INTERNAL REVENUE.**

No. 7185.

Circuit Court of Appeals, Third Circuit.

Jan. 29, 1940.

Joseph Walker, Horace N. Taylor, Winthrop G. Brown, and J. C. Wilberding, Jr., all of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., for respondent.

Elden McFarland, of Washington, D. C., for amicus curiæ.

Before MARIS, CLARK, and JONES, Circuit Judges.

PER CURIAM.

In this case the petitioner seeks to deduct as an income tax loss in 1933 the cost of his interest in certain shares of stock of the Continental Corporation which was dissolved without assets in that year. The Board of Tax Appeals, considering the cases of this petitioner and a number of other stockholders, decided that the petitioner's interest in these shares was never an independent investment but at all times merely a part of his investment in the stock of the Continental Bank & Trust Company of New York to which through a trust agreement and certificate endorsement they were indivisably annexed. De Coppet v. Commissioner of Internal Revenue, 38 B.T.A. 1381. In deCoppet v. Helvering, 108 F.2d 787, the Circuit Court of Appeals for the Second Circuit, in the case of one of the other stockholders, has recently affirmed the Board's decision. Upon the authority of that case the decision in this case will be affirmed.

Commissioner of Int. Rev. v. Hagerman 3 Cir., 102 F.2d 281, is, as the Board points out, distinguishable upon its facts. In that case the security company whose shares were annexed to the bank shares was dissolved, its assets transferred to trustees and certificates of beneficial interest in the assets delivered to the bank shareholders. These certificates were freely assignable without regard to the bank shares and the taxpayer did in fact later sell his certificates of interest, realizing the loss claimed, although retaining his shares of bank stock. It will thus be seen that prior to the sale which resulted in the loss there had been an actual complete division and separation of the investments. There was never any