**Phillip L. PELLETIER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18950.**

United States Court of Appeals
District of Columbia Circuit.

Feb. 16, 1965.

———◆———

Mr. Lester M. Bridgeman, Washington, D. C. (appointed by this court), for appellant.

Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and David W. Miller, Asst. U. S. Attys., were on the pleadings for appellee.

Before BAZELON, Chief Judge, and FAHY and WRIGHT, Circuit Judges, in Chambers.

### ORDER

PER CURIAM.

On further consideration of appellant's motion for reduction of bail pending appeal, and of appellee's opposition thereto, and on consideration of the memorandum of District Court Judge Keech filed herein pursuant to the order of this court entered in this case on December 17, 1964, it is

ORDERED by the court that the aforesaid motion is denied without prejudice to appellant's filing a motion for reduction of bail in the District Court.

BAZELON, Chief Judge:

Appellant was indicted for interstate transportation of a stolen motor vehicle, and several counts relating to check forgery. He pled guilty to one count of conspiracy but subsequently asked to withdraw this plea on the ground that it had been induced by physical illness and anxiety. The request was denied and he was sentenced. Upon refusal below this court allowed an appeal in forma pauperis. Appellant then applied to the District Court for release on bail pending appeal. This was granted and bond was set at $10,000.

Appellant was not able to provide that bond and moved this court to reduce it. We requested the District Court to advise this court

"as to the considerations and reasons which led the District Court, (1) to seem to find that appellant was a fit subject to be released on bail pending appeal, and (2) notwithstanding to set bail in the amount of $10,000 in order to 'insure the presence of the defendant,' Rule 46(c), Fed.R.Crim.P., when it appeared from the record that appellant was unable to furnish bail in that amount."

The District Court replied:

"The appellant had freely and voluntarily pleaded guilty after the trial had started and subsequent to the introduction of damaging evidence against him. It was the Court's best judgment that the public interest dictated that the appellant should not be released pending appeal. However, out of deference to views expressed by some members of the United States Court of Appeals for the District of Columbia Circuit and other tribunals that, with the possible exception of certain capital cases, release on bond

pending appeal should be the rule, the Court fixed the bond at the stated figure. In the trial court's judgment the amount was fair and reasonable and necessary to insure appellant's presence if and when required, if he were able to secure his release thereunder. No inference necessarily follows that in setting the $10,000 bond this Court considered appellant to be a proper subject for release on bond pending appeal.

"Appellant's family ties in the District of Columbia are practically nil. The evidence in the case shows that the crimes for which appellant was convicted, in major part involved actions in other jurisdictions and that he was apprehended in the District of Columbia with a woman other than his wife, who was a co-conspirator. Appellant in the past has moved from place to place— Michigan, Florida, Indiana and the District of Columbia—in all of which he engaged in criminal activities and in one instance when placed on bond appellant failed to abide by the terms thereof. Details of appellant's background and proclivities appear in appellee's opposition filed in the Court of Appeals."

One possible reading of this reply is that the District Court determined that appellant was likely to flee unless high monetary bond was imposed. But if the court intended to rely on high monetary bond to insure appellant's presence, it should not have set bond without inquiring about the terms on which appellant might secure that bond. Unless the court knew whether a bondsman would require collateral from appellant or, in the event appellant fled, whether the bondsman would pursue appellant through his own resources or would rely on police, the court could not reasonably determine that bond in the amount of $10,000 was necessary, or adequate, to insure appellant's presence. See my dissenting opinion in Hairston v. United States, 119 U.S.App.D.C. ——, 343 F.2d 313, per curiam order decided February 2, 1965. Moreover, if the court determined that high monetary bond would adequately deter flight, but that appellant could not provide this bond, then the court would be constitutionally compelled to inquire whether other assurances of appellant's presence would be adequate. It is an invidious discrimination to deny appellant release because of his poverty, when for example, his ties in the community or such devices as release subject to the supervision of the United States Probation Office, would adequately insure his presence. Bandy v. United States, 81 S.Ct. 197, 5 L.Ed.2d 218 (1960), 82 S.Ct. 11, 7 L.Ed.2d 9 (1961) (Mr. Justice Douglas as Circuit Justice); Alston v. United States, 120 U.S.App.D.C. ——, 343 F.2d 345, per curiam order dated Dec. 28, 1964 (dissenting opinion).

Another possible reading of the reply is that the District Court purposely set bond in an amount appellant could not provide in order to deny appellant release. This interpretation is supported by the court's statement that "[n]o inference necessarily follows that in setting the $10,000 bond this Court considered appellant to be a proper subject for release on bond pending appeal." But Rule 46(c), Fed.R.Crim.P., provides that the *amount* of bail shall be fixed to "insure the presence of the defendant." "Impliedly, the likelihood that bail within tolerable limits will not insure this justifies denial of bail." Ward v. United States, 76 S.Ct. 1063, 1066, 1 L.Ed.2d 25 (1956) (Mr. Justice Frankfurter as Circuit Justice). This rule does not permit fixing the amount to "insure the presence of the defendant" by keeping him in jail.

Moreover, if the court did set bond purposely to deny release, the true basis for its action is effectively hidden and the administration of bail is distorted. Because the fiction is maintained that appellant is admitted to bail, the careful inquiry which ordinarily must precede denial of bail is absent. Thus, when, as here, we are asked to reduce bond, our consideration is without benefit of the

reasons for the District Court's action. Rule 38(c), Fed.R.Crim.P., requires the District Court to consider an application for bail in the first instance, because

"it is obviously desirable that [an applicant for bail pending appeal] shall first apply to the trial judge, who necessarily knows more of the case than the circuit court of appeals can learn, certainly while the record remains in the district court, as it almost always does. His ruling will help us greatly. * * * [T]he defendant will have to satisfy us that the judge's reasoned conclusion should not prevail, and we shall not be left in a welter of assertion and counter-assertion in affidavits from which we have no adequate means of emerging." United States v. Hansell, 109 F.2d 613, 614 (2d Cir. 1940.)

But where the court masks its determination that bail should be denied by setting unattainable bond, we cannot know whether the court intended to deny release because the appeal was "frivolous or taken for delay" or because appellant's flight could not be deterred if he were released or because his release would endanger the community. There is no record on which we may proceed.

This case illustrates our difficulties. The Government's opposition to the reduction of bond states that appellant "has demonstrated his propensity to commit crimes while on bond, [and] * * * has previously jumped bond and been charged as a fugitive from justice. * * *" Appellant denies the accuracy of these statements. The District Court held no hearing and made no explicit findings on these questions. We are thus "in a welter of assertion and counter-assertion * * * from which we have no adequate means of emerging."

I would deny this motion for reduction of bond, without prejudice to its renewal before the District Court, so that the motion can be properly considered by that court.