David L. HANSFORD, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19436.

United States Court of Appeals
District of Columbia Circuit.

Oct. 29, 1965.

Bazelon, Chief Judge, dissented.

Mr. Paul Driscoll, Washington, D. C., (appointed by the District Court) filed pleading for appellant.

Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, William C. Weitzel, Jr. and Jerome Nelson, Asst. U. S. Attys., filed pleadings for respondent.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and BURGER, Circuit Judge, in Chambers.

ORDER

PER CURIAM.

On consideration of appellant's motion to set bail pending appeal, of appellee's opposition thereto, and of appellee's motion for leave to file supplement to opposition to bail pending appeal, and it appearing that appellee has lodged with the clerk its supplement to the opposition to bail pending appeal, it is

ORDERED by the court that the aforesaid motion for leave to file supplement to opposition be granted, and the clerk is directed to file appellee's supplement to opposition to bail pending appeal herein, and on consideration whereof, it is

FURTHER ORDERED by the court that appellant's motion for bail pending appeal is denied.

BAZELON, Chief Judge, dissented.

Opinion

PER CURIAM:

Appellant was convicted of the purchase and attempted resale of heroin, in violation of 26 U.S.C. § 4704(a). Bail pending appeal was denied by the District Court, and the issue of Appellant's release on bail is now before this court.

Bail pending appeal is discretionary with the court—it is a very different question from bail before trial when an accused has the benefit of the presumption of innocence. In exercising this discretion in a case where the movant has a substantial criminal record a court is bound—as a matter of common sense—to consider the likelihood of his repeating his criminal activity if released on bail. Carbo v. United States, 82 S.Ct. 662, 7 L.Ed.2d 769, (1962) (Mr. Justice Douglas as Circuit Justice); D.C.CIR.R. 33(f) (6). The compulsive, habitual aspects of the addict-peddler make this inquiry especially relevant in a case such as this.

While Appellant is an addict and the sentencing court recommended he be sent to the Public Health Service Hospital at Lexington, Ky., which has facilities for treating narcotics addiction, the record shows beyond question that he is also a dealer in narcotics.[1] He was convicted of the purchase and attempted resale of narcotics; on his person at the time of arrest were six grams of capsules containing 35% heroin and having a market value of approximately $750. This is obviously a far stronger and larger dosage of heroin than most addicts can take over any short period although there was some testimony from Appellant indicating it represents only a week's supply for him. Appellant also testified that he bought narcotics *mainly* for his personal use. Even assuming Appellant has a $750-a-week habit, the possibility of sales by him is obvious, given possession of this quantity and the clear record of prior selling activities. The very transaction that led to Appellant's arrest was a convincing demonstration of his willingness and ability to traffic in narcotics.[2]

[1] We can take judicial notice of the fact that most "street peddlers" are themselves addicts whose habit is exploited by others.

[2] While the other counts of the indictment against Appellant were placed on the inactive calendar pending appeal of this conviction, they allege two previous heroin sales by Appellant. Furthermore, a con-

■ The nature of this offense, his two previous narcotics convictions, at least one and apparently two parole violations, suggest the likelihood that Appellant will return to the established patterns of behavior during the pendency of the appeal. In fact, during trial bail was revoked by the District Court when he learned that Appellant was selling stolen goods to finance his habit. In light of past performance it is not reasonable for society's—and Appellant's—protection, that we assume Appellant, if released on bail, will overnight cease to be an addict or that he will confine himself to legitimate activities to finance his addiction. If narcotics traffic is a social and health hazard, then every narcotics dealer is a danger to society; the fact that the cause of his peddling of narcotics is related in part to his addiction is irrelevant. We cannot share the view that there should be one rule of law for important suppliers and another for the less successful ones such as Appellant seems to be.

■ Remand to the District Court is not necessary. The function of this court on a bail application pending appeal, as envisaged by Rule 33, is not merely appellate but includes the duty to make an independent determination of all relevant factors. See Bandy v. United States, 81 S.Ct. 197, 5 L.Ed.2d 218 (1960) (Mr. Justice Douglas as Circuit Justice). Appellant's prior record and the nature of his offense are before this court. Determining whether he will sell again if released on bond and evaluating the danger to society represented by narcotics sales are matters of our sound judgment and discretion, the exercise of which would not be aided by remand for a factual hearing, unlike the situation in United States v. Hansell, 109 F.2d 613 (2d Cir. 1940). There is no dispute as to the facts. No one contests that Appellant has offered to take treatment for his addiction if released on bail or that he may be able to resume his employment. But there are enough doubts as to the success of such treatment for this man to make release on bail ill-advised. We note, furthermore, that Appellant was employed at the time of his arrest for the sale for which he has been convicted. Remand for findings by the District Court would be meaningless and cannot be a substitute for the exercise of judgment and discretion that is required in this type of case. If there are other factors that should have been considered, Appellant should have presented them here, pursuant to Rule 33(f)(5). This is not to say that motions for bail should not be made first to the District Court, but rather that discretion on such a motion is not limited to the District Judge. Nor need the District Judge make explicit findings in denying bail as a basis for appeal.[3] FED.R.CRIM.P. 38(c) provides that application to this court need only show that the appellant did not receive in the District Court the relief to which he considers himself entitled.

Motion for bail denied.

BAZELON, Chief Judge (dissenting):

Bail pending appeal is "discretionary with the court," as the majority states.

viction for the sale of narcotics in 1960 was reversed by this court on the ground that in that particular factual situation evidence of yet another sale by Appellant was not admissible to rebut a defense of entrapment. The opinion indicates that by that time Appellant had also incurred three convictions for larceny. Hansford v. United States, 112 U.S.App.D.C. 359, 303 F.2d 219 (1962). There is abundant basis, thus, for concluding that Appellant is at the very least an occasional dealer and that the particular transaction for which he now stands convicted was not a transitory aberration of an otherwise harmless person.

3. The Bail Reform Bill, referred to in Note 8 of the dissent, has not passed the House. If and when it becomes law, we will be faced with the problem of its interpretation. As the Bill is now written, however, it is by no means clear that it requires reasons of the District Judge when bail pending appeal is denied as here.

But it is also "heavily favored." [1] And although the element of danger to the community is a relevant consideration,[2] a finding of such danger must rest on a "scrupulous inquiry" into appellant's past, his prospects if released, and conditions of release to mitigate the danger.[3] This inquiry must be conducted by the District Court. Rule 38(c), FED. R.CRIM.P.[4]

As required, appellant first submitted his bail application to the District Court. But the judge denied the motion on the same day it was filed, without the benefit of a Government response, of oral argument, of the usual pre-sentence report of the Probation Office, or of a hearing of any kind. And no reason appears why it was denied in such a summary fashion or why it was denied at all. But since the District Court granted leave to appeal in forma pauperis, it determined that the appeal was not "frivolous or taken for delay," Rule 46(b), FED.R.CRIM.P.

Although this court may make an independent determination whether bail should be granted, as a practical matter only the District Court can conduct the "scrupulous inquiry" and make the findings contemplated by Rule 38(c).[5] Without such a record, neither the District Court nor this court can properly exercise its discretion. We are "left in a welter of assertion and counter-assertion * * * from which we have no adequate means of emerging." [6]

Moreover, Rule 38(c) provides, inter alia, that an application for bail to the Court of Appeals show "reasons given for the denial [below]." Plainly, this contemplates a disclosure of such reasons by the District Court. Without reasons, the appellant and this court "cannot know whether the court intended to deny release because the appeal was 'frivolous or taken for delay,' or because appellant's flight could not be deterred if he were released or because his release would endanger the community." [7] Both fairness to the appellant and this court's role in bail administration require the District Court to state its reasons for denying bail.[8]

1. Bandy v. United States, 81 S.Ct. 197, 198 (1960) (Mr. Justice Douglas as Circuit Justice); Leigh v. United States, 82 S.Ct. 994, 996, 8 L.Ed.2d 269 (1962) (Chief Justice Warren as Circuit Justice); Christoffel v. United States, 89 U.S.App. D.C. 341, 347, 196 F.2d 560, 566 (1952).

2. Rule 33(f), General Rules of the United States Court of Appeals for the District of Columbia Circuit.

3. Hairston v. United States, 120 U.S.App. D.C. 31, 35, 343 F.2d 313, 317 (1965) (Bazelon, C.J., dissenting).

4. "(c) Application for Relief Pending Review. If application is made to a court of appeals * * * for bail pending appeal * * * the application shall be upon notice and shall show that application to the court below or a judge thereof is not practicable or that application has been made and denied, with the reasons given for the denial, or that the action on the application did not afford the relief to which the appellant considers himself to be entitled."
This procedure had been established in the Second Circuit without rule in United States v. Hansell, 109 F.2d 613 (2d Cir. 1940).

5. See United States v. Hansell, supra note 4, at 614.

6. Id. at 614.

7. Pelletier v. United States, 120 U.S.App. D.C. 40, 42, 343 F.2d 322, 324 (1965) (concurring opinion).

8. The Bail Reform bill which passed the Senate on September 16, 1965, prescribes conditions for pre-trial release in all non-capital cases; and if the accused is unable to meet the conditions within 24 hours, the judicial officer who imposed them must "set forth the reasons for requiring the conditions" or amend them. This requirement also applies to bail pending appeal "unless the court or judge has reason to believe that no one or more of the conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community." S. 1357, 89th Cong., 1st Sess. § 3(a) (1965). If reasons are required when release conditions are not met, it follows a fortiori that they would be required when release is denied altogether.

An element of speculation necessarily inheres in any prediction of dangerousness. I respectfully suggest, however, that in this case the majority indulges in undue speculation if it assumes, for example, that appellant is guilty of charges of the indictment which the Government dismissed, and that the amount and character of the heroin allegedly involved in the present charges and conviction of two narcotics offenses involving possession show appellant is a peddler.

Perhaps the most crucial gap in the record results from the failure of the District Court to investigate appellant's prospects if released. Appellant states that he will, if released, resume his occupation as a floor sander and that he owns a floor sanding machine. The Government offers no contrary evidence, alleging only that appellant's statements are "unsupported by anything of record." Appellant also states that if released he hopes to enroll in the narcotic addiction program at the Psychiatric Convalescent and Rehabilitation Center at the District of Columbia General Hospital, where, counsel alleges, a patient who works during the day may sleep at the Center and attend meetings during non-working hours. He also hopes to see a private psychiatrist who has examined him on several occasions. The existence of employment, the nature of the program at the Center, and the willingness of the Center or the psychiatrist to treat him are crucial issues which require explanation and resolution. Potential dangerousness to the community may be reduced by conditioning appellant's release on his obtaining employment and treatment.

Since this court cannot properly exercise its discretion absent a record of a careful inquiry in the District Court, I would remand to that court for such an inquiry and explicit findings of fact regarding the matters discussed herein.