UNITED STATES of America

v.

Andre M. MILLINGS.

Crim. No. 75–492.

United States District Court,
District of Columbia.

Jan. 21, 1976.

John L. Kern, Asst. U. S. Atty., Washington, D. C., for United States.

William J. Garber, Washington, D. C., for defendant.

## MEMORANDUM

GASCH, District Judge.

Defendant was convicted by jury verdict of three separate sales of Controlled Substances in violation of 21 U.S.C. § 841(a). Sentenced under the provisions of the Youth Corrections Act, 18 U.S.C. § 5010(b), he has moved this Court for bail pending appeal.

### I.

The controlling statute is 18 U.S.C. § 3148, which provides for release unless (1) the Court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee; (2) or pose a danger to other persons in the community or (3) it appears that an appeal is frivolous or taken for delay. It is the second of these three reasons that motivates the Court to deny the motion.

On June 11, 1974, the defendant was convicted of carrying a dangerous weapon and violation of the Uniform Narcotic Act. Imposition of sentence was suspended and he received three years probation under the Youth Correction Act. The Probation Office report indicates that probation will expire on July 17, 1977. Previously, while a juvenile, defendant was given a suspended commitment and probation until his 21st birthday for the offense of armed robbery. The date of this suspended commitment was June 25, 1970.

While on probation for the Uniform Narcotic Act violation and carrying a dangerous weapon, the defendant gave four urine samples to the Probation Officer, two of which showed positive findings of morphine and Preludin. A recent urinalysis sample following his arrest in the instant case yielded positive results suggestive of heroin use. The defendant insisted that finding showed only an isolated reversion to drug use and requested a follow-up urinalysis. He did not appear as scheduled. Though able-bodied, defendant has obtained no employment and has lived on unemployment compensation and his wife's salary.

▮ Under these circumstances, it appears to the Court that defendant does constitute a danger to the community because of his relationship to illicit drug trafficking. The Court believes that it would be in his best interest, as well as those of the community, for him to remain at the Youth Center where he could improve his education and job skills and get some counselling as a result of which his opportunity to lead a drug free life would be improved.

The United States Court of Appeals in *Hansford v. United States,* 122 U.S.App. D.C. 320, 353 F.2d 858 (1965), recognized that a seller of narcotics is clearly a danger to the community.

In light of past performance it is not reasonable for society's—and Appellant's—protection, that we assume Appellant, if released on bail, will overnight cease to be an addict or that he will confine himself to legitimate activities to finance his addiction. If narcotics traffic is a social and health hazard, then every narcotics dealer is a danger to society; the fact that the cause of his peddling of narcotics is related in part to his addiction is irrelevant. We cannot share the view that there should be one rule of law for important suppliers and another for the less successful ones such as Appellant seems to be.

122 U.S.App.D.C. at 322, 353 F.2d at 860.

II.

The principal issue before the Court on trial was the admissibility of a prior conviction for violation of the Uniform Narcotic Act, a misdemeanor. The basis for the admission of this evidence was that under Rule 609(a)(2) of the Federal Rules of Evidence the following crimes may be utilized for the purpose of impeaching credibility: "those involving dishonesty or false statement without regard to the grade of the offense." What Congress did in this instance was to adopt the rule previously legislated for the District of Columbia. Reference to the Congressional Record, S. 19908, November 22, 1974, as reported in C.C.H. Federal Rules of Evidence ¶ 2609, p. 84, reveals the following:

Mr. McCLELLAN . . . Mr. President, I would first like to point out that the amendment I am now proposing simply applies to all Federal courts the law that exists in the District of Columbia today as a result of an act of Congress. Only 4 years ago, we had the same issue in the Senate and resolved it by adopting the same language that I propose as an amendment today. My amendment is not, therefore, something new and untried.

\* \* \* \* \* \*

Mr. President, I ask unanimous consent that the complete text of my prepared statement be inserted in the RECORD at this point.

There being no objection, the statement was ordered to be printed in the RECORD, as follows:

## TEXT OF PREPARED STATEMENT

Mr. President, my amendment will restore to Rule 609(a) the language originally promulgated by the Supreme Court in 1972 at the recommendation of the Advisory Committee on Rules of Evidence of the Judicial Conference.

As this Rule in the bill now stands, it provides that where an accused takes the stand as a witness, the only prior convictions of crimes that may be used to attack his credibility are convictions of crimes that involved dishonesty or false statement. If the witness is someone other than the accused, his credibility may also be attacked by proof of convictions of any felony, but only where the court determines that the probative value of admitting this evidence outweighs its possible prejudicial effect.

My amendment, on the other hand, would continue what is presently the general Federal Rule and the current practice in the overwhelming majority of the States. It would permit the credibility of any witness to be challenged by the proof of convictions of any felony—or any misdemeanor that involved dishonesty or false statement.

Mr. President, the reasoning behind the rule now being proposed in this bill is based upon the erroneous belief that the use of prior convictions to impeach a witness should be restricted in order to avoid alleged unfair prejudice to defendants. It is premised on the fear that the use of these prior convictions to establish lack of credibility of the witness will tempt juries to convict the defendant simply on the basis of his prior criminal record rather than base their verdict on the facts relating to the charges on which the defendant is being tried. The court's instructions, of course, preclude the jury from using prior convictions in this way.

If the jury is to be permitted to correctly determine what the true facts are in a particular case, it must be permitted to have all the evidence before it that will enable it to judge the credibility of the witnesses who have given testimony on the material facts reflecting guilt or innocence. The jury must be able to correctly choose who is to be believed. To make that determination they should have access to all available information that bears on the credibility of witnesses who testify to material facts in the case. Particularly relevant to a witness's credibility and worthiness of belief is the prior criminal record of such a witness.

Those who favor the rule as reported in this bill agree that prior convictions do have a bearing on credibility. But they want to limit that judgment only to crimes involving dishonesty or false statement. They make ineligible crimes of murder, rape, armed robbery and other serious felonies. They do not seem to believe that those who have committed these other serious felonies are just as likely to lie under oath as those who have committed crimes involving "dishonesty."

I cannot accept that conclusion. Surely a person who has committed a serious crime—a felony—will just as readily lie under oath as someone who has committed a misdemeanor involving lying. Would a convicted rapist, cold-blooded murderer or armed robber really hesitate to lie under oath any more than a person who has previously lied? Would a convicted murderer or robber be more truthful than such a person?

Of course not!

The fact that a person has committed such a serious offense in the past clearly bears on whether he would lie under oath where his life or liberty was in jeopardy.

If juries are to be able to carry out their duty, they must be permitted to judge the credibility of witnesses be-

fore them. My amendment will enable them to do that.

Mr. President, this very issue was before the Congress only four years ago. After full hearings and debate on the District of Columbia Court Reform and Criminal Procedure Act of 1970, the Congress determined that the general Federal rule then in force—and that my amendment would continue—was the correct rule and should be preserved.

Mr. President, that decision was correct then, and it is correct now. I urge the adoption of this amendment.

The PRESIDING OFFICER (Mr. ABOUREZK). The question is on agreeing to the amendment.

Mr. HRUSKA. Mr. President, I rise in support of the amendment proposed by the Senator from Arkansas. This amendment does embrace a very important serious point which is almost invariably reached in most criminal cases, where it becomes important to attempt to determine the weight which should be given to the testimony of either the witness or the defendant himself.

.   .   .   .

The Conference Committee Report, H. R.Rep.No. 93–1597, 93d Cong., 2d Sess. 9 (1974) reveals the following:

Rule 609 defines when a party may use evidence of a prior conviction in order to impeach a witness. The Senate amendments make changes in two subsections of Rule 609.

A. Rule 609(a)—General rule

The House bill provides that the credibility of a witness can be attacked by proof of prior conviction of a crime only if the crime involves dishonesty or false statements. The Senate amendment provides that a witness's credibility may be attacked if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involves dishonesty or false statement, regardless of the punishment.

The Conference adopts the Senate amendment with an amendment. The conference amendment provides that the credibility of a witness, whether a defendant or someone else, may be attacked by proof of a prior conviction but only if the crime: (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted and the court determines that the probative value of the conviction outweighs its prejudicial effect to the defendant; or (2) involved dishonesty or false statement regardless of the punishment.

By the phrase "dishonesty and false statement" the Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

The admission of prior convictions involving dishonesty and false statement is not within the discretion of the Court. Such convictions are peculiarly probative of credibility and, under this rule, are always to be admitted. Thus, *judicial discretion* granted with respect to the admissibility of other prior convictions *is not applicable* to those involving dishonesty or false statement. (Emphasis supplied.)

The District of Columbia Court of Appeals in *Durant v. United States*, 292 A.2d 157, 160 (1972), *cert. denied*, 409 U.S. 1127, 93 S.Ct. 946, 35 L.Ed.2d 259 (1973), held that a conviction for possession of narcotics (misdemeanor) was a criminal offense involving dishonesty or false statement within the purview of 14–305(b)(1)(B), D.C.Code 1973, and as such could properly be used to impeach the credibility of a defendant. Since this decision was rendered subsequent to the Court Reorganization Act and since Congress in the Federal Rules of Evidence adopted the District of Columbia

standard in Rule 609(a)(2) in accepting the amendment of Senator McClellan, this Court held that it would be appropriate for the government to ask this question. See also *Williams v. United States,* 337 A.2d 772 (D.C.App.1975). The District of Columbia Court of Appeals in its *Durant* opinion explained its inclusion of narcotic offenses among those involving dishonesty or false statement as follows: The legislative history of 14–305(b)(1) shows that the House Committee stated:

> It is the intent of your Committee that the offenses which are excluded from use are primarily those of passion and short temper, such as assault.
>
> The offenses which involve dishonesty or false statement and which may be used in the discretion of the cross-examining party include, but are not limited to, any offense involving fraud or intent to defraud, . . . .

*Durant v. United States,* 292 A.2d 157, 160 (D.C.App.1972), *citing* H.R.Rep.No. 91–907, 91st Cong., 2d Sess. 62 (1970). There then follows, by way of illustration, a listing of cases including *Brooke v. United States,* 128 U.S.App.D.C. 19, 385 F.2d 279 (1967), which involved sales of narcotic drugs. Thus, the D. C. Court of Appeals followed the legislative history of 14–305 of the D.C.Code, which in turn had made it clear that Congress intended to exclude only the use for impeachment purposes of those crimes which involved passion and short temper, such as assault, and had specifically *included* a narcotic sale.

█ Reservations entertained by the United States Court of Appeals in *United States v. Hairston,* 161 U.S.App.D.C. 466, 495 F.2d 1046 (1974), and *United States v. Henson,* 159 U.S.App.D.C. 32, 49, 486 F.2d 1292, 1309 (1973), concerning the constitutionality of § 14–305 D.C. Code when applied to the admissibility of prior convictions of a defendant in a case brought by the United States in a Federal court would appear to be resolved by Rule 609 of the Federal Rules of Evidence, in which the Congress of the United States, legislating for all Federal

courts, has adopted the rule which it previously enacted in Section 14–305 for the District of Columbia.

The motion for bail pending appeal is denied.