UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Roy THOMPSON,
Defendant-Appellant.

No. 77–1238.

United States Court of Appeals,
Ninth Circuit.

Aug. 22, 1977.

Dennis J. Skarecky, Phoenix, Ariz., argued for defendant-appellant.

William C. Smitherman, U. S. Atty., Joel D. Sacks, Asst. U. S. Atty., Phoenix, Ariz., argued for plaintiff-appellee.

Before BROWNING, and ANDERSON, Circuit Judges, and SPENCER WILLIAMS *, District Judge.

* Honorable Spencer Williams, United States District Judge, Northern District of California, sitting by designation.

PER CURIAM:

Appellant was convicted of robbing a bank in Phoenix, Arizona on March 3, 1975, in violation of 18 U.S.C. § 2113(a) and (d). We affirm.

The government's case consisted of the testimony of two bank's tellers who were the only persons present during the robbery. Appellant offered an alibi defense. He claims that on the day in question, he, his father, sister, and brother-in-law were together in Flagstaff, Arizona, where they spent most of their time in a Little America restaurant.

■ Appellant argues four grounds for reversal. First, he complains the judge abused his discretion by not granting a 24/48-hour continuance to allow him to seek, as an additional witness a friend of his sister's (and unlike the other alibi witness, not a member of his family) who would testify that on the day of the robbery she was at the Little America restaurant, had met and was introduced to appellant's father and another person who might have been appellant, and had a short conversation with appellant's sister. Neither the government nor appellant were previously successful in producing the witness and the trial court denied the request on the grounds that it was not certain the testimony of this witness would be unequivocally advantageous to the defendant, the testimony would be cumulative, and there was no reasonable assurance the witness could be secured.

The granting of a continuance to procure an absent witness rests in the sound discretion of the trial court and should not be disturbed on appeal absent a clear showing of abuse. *Isaacs v. United States*, 159 U.S. 487, 489, 16 S.Ct. 51, 40 L.Ed. 229 (1895); *Powell v. United States*, 420 F.2d 799, 801 (9th Cir. 1969). There is no abuse here. The reasons expressed by the trial court for denying the request for a continuance are sound and supported by the record.

■ The second ground for reversal concerns the trial judge's denial of requested jury instructions. Appellant claims the instructions directed the attention of the jury to his defense of misidentification more clearly and precisely than the instructions given by the trial court. The specific instructions proposed by the appellant were the "model" instructions first adopted by the District of Columbia Circuit in *United States v. Telfaire*, 152 U.S.App.D.C. 146, 469 F.2d 552 (1972), and subsequently adopted by the Fourth and Seventh Circuits.

However, "[i]f proper and adequate instructions are given, a defendant has no right to have his choice of language used in the way he prefers it." *Rivers v. United States*, 368 F.2d 362, 364 (9th Cir. 1966), citing *Tucker v. United States*, 151 U.S. 164, 170, 14 S.Ct. 299, 38 L.Ed. 112 (1893). A court is not bound to accept the language of an instruction requested by counsel if the court gives it in substance. *Amsler v. United States*, 381 F.2d 37, 52 (9th Cir. 1967). The instructions given by the trial court included language sufficient to apprise the jury of the caution they were required to exercise in evaluating appellant's defense of misidentification in relation to the testimony of the two bank tellers. Comparison of the instructions given by the trial court with those proposed by appellant demonstrates that the former substantially incorporates the contents of the latter, although admittedly in a much more concise form.

■ The third claimed error concerned the testimony of the manager of Little America. Appellant introduced into evidence a guest check which his father claimed he had obtained as a receipt from the Little America restaurant in Flagstaff, the day of the robbery. In rebuttal, the government called as a witness the manager and records custodian for the restaurant. He testified that he became manager of the restaurant in June, 1975, after being trained for his position by Little America Restaurants, Inc. He then testified that the procedure for issuing receipt to customers had not changed since the company was founded three years earlier and that the guest check produced by appellant's father was not of the type of receipt which was normally issued to customers.

Federal Rules of Evidence Rule 602, 28 U.S.C., provides: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." The witness, however, was not testifying as to what occurred on March 3, 1975, but rather what normal company procedures were on that date. And he had ample personal knowledge to testify on that subject.

Finally, appellant claims the trial court committed reversible error when it refused to allow him to impeach a government witness by cross-examining him in regard to a prior marijuana conviction. Appellant cites the decision of the District Court of the District of Columbia in *United States v. Millings*, 407 F.Supp. 566 (1976), and the earlier decision of the District of Columbia Court of Appeals, in *Durant v. United States*, 292 A.2d 157 (1972), *cert. denied*, 409 U.S. 1127, 93 S.Ct. 946, 35 L.Ed.2d 259 (1973), for the proposition that under § 609(a) of the Federal Rules of Evidence the trial court has no discretion to deny the use of a misdemeanor conviction involving narcotics to impeach the credibility of a witness.

The District of Columbia Circuit is unique in holding that misdemeanor narcotics convictions involve dishonesty and false statement. In reaching its decision in *Millings*, the Court examined both the legislative history of D.C.Code § 14–305(b)(1)(B) (1973), after which Federal Rule 609(a) is modeled and which was interpreted in *Durant*, and the legislative history of Rule 609(a). The history of the D.C.Rule, as originally examined in *Durant* and re-examined in *Millings*, indicates that when it adopted the Rule, Congress considered the sale and possession of narcotics as offenses involving dishonesty and false statement. *United States v. Millings, supra* at 570.

In contrast, the history of Federal Rule 609(a), indicates the intent of Congress to limit offenses within the purview of this rule to those involving "some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." (Notes of Committee on Judiciary House Report No. 93–650, U.S.Code Cong. & Admin.News 1974, p. 7075; Notes of Committee on Judiciary, Senate Report No. 93–1277, U.S.Code Cong. & Admin. News 1974, p. 7051; Conference Committee Notes, House Report No. 93–1597, U.S.Code Cong. & Admin.News 1974, p. 7098.) Despite this apparently unequivocal statement of legislative intent, the *Millings* Court followed the earlier decision of the Court of Appeals in *Durant*, which interpreted only the D.C.Code Rule. Since this conflict suggests caution in following the *Millings* interpretation of Federal Rule 609(a), we find that the trial court did not err in prohibiting appellant's cross-examination of the appellee's witness concerning his marijuana conviction.

The judgment of the district court is affirmed.