THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JACKEY LEE BOND, Defendant-Appellant.

Fourth District   No. 4—89—0969

Opinion filed November 16, 1990.

516

Sheldon L. Banks, of Chicago, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

Defendant, Jackey Lee Bond, was convicted by a jury of unlawful possession of a controlled substance with intent to deliver more than 100 but less than 400 grams of a substance containing cocaine (Ill. Rev. Stat., 1988 Supp., ch. 56½, pars. 1401(b)(11), 1401.2(1)), a Class X felony, and was sentenced to 30 years' imprisonment, and fined $51,600. Defendant appeals, arguing (1) the evidence was insufficient to prove his guilt, (2) the trial court erred in denying defendant's request for a hearing pursuant to *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, and (3) the sentence imposed is an abuse of discretion.

We affirm.

On May 15, 1989, Officer David Slade of the Decatur police department presented a complaint for search warrant which contained the sworn statements of himself and an assumed-name affiant (identified as John Doe). The complaint implicated defendant in drug activities at the upstairs apartment at 1452 East Prairie Street in Decatur. Based on this complaint, the search warrant issued both for defendant's person and for that residence.

That same evening, police officers took up positions around 1452 East Prairie Street. Shortly after 6:30 p.m., two persons, later identified as defendant and Lisa Brown, left the house. Defendant locked the door to the residence and proceeded to a car parked in an adjacent alley. The police then approached the vehicle and apprehended defendant and Brown. The police searched the car and recovered a

small packet from the passenger side of the car, later identified as 13.7 grams of cocaine. A search of the upstairs apartment of the residence resulted in the confiscation of two bottles of Inositol, a substance used to dilute cocaine, $406.41 in cash, assorted drug paraphernalia, Jackey Bond's driver's license—which had thereon a powdery residue later identified as cocaine—and over 100 grams of a white powdery substance also later identified as cocaine. All of this evidence was subsequently introduced at defendant's trial.

■■ ■ Defendant's first argument is that he could not be convicted for possession with intent to deliver because the State failed to prove that he had immediate and exclusive control over the contraband or over the place where the contraband was seized. Possession is a question of fact to be determined by a jury, and its determination will not be disturbed on review unless the evidence is so palpably contrary to the verdict, or so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt of guilt. (*People v. Ortiz* (1980), 91 Ill. App. 3d 466, 471, 414 N.E.2d 1072, 1076.) In this case, the State clearly proved that defendant had constructive possession over the premises where the narcotics were found. (See *People v. Morrison* (1988), 178 Ill. App. 3d 76, 90, 532 N.E.2d 1077, 1086-87; *Ortiz*, 91 Ill. App. 3d at 471-72, 414 N.E.2d at 1076.) The apartment in question contained no food, no clothes, no pots or pans, and little furniture. As the State argues, this was no one's residence; instead, it was a "drug house," premises used by defendant for his business of packaging and selling cocaine.

Other evidence linking defendant to this apartment was the key found in defendant's car which unlocked the apartment's door. Also, a triple-beam scale within the apartment, which was apparently used to weigh drugs, was set at 13.7 grams; this is the precise weight of the contents of a bag of cocaine found in defendant's car at the time of his arrest. Further, defendant's fingerprint was found on one of the bottles of Inositol left on a shelf above the kitchen sink.

■■ A jury's determination of guilt will not be disturbed on appeal if a court of review, after viewing the evidence in a light most favorable to the prosecution, concludes that *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (See *People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277.) We conclude that this standard has been easily met on the evidence in this case.

■■ Defendant next argues that he is entitled to a hearing to question the legitimacy of the search warrant used by the police officers in connection with his arrest. In *Franks*, the United States Su-

preme Court held that a defendant is entitled to challenge the veracity of a search warrant complaint upon making a substantial preliminary showing of falsity therein. (*Franks*, 438 U.S. at 171-72, 57 L. Ed. 2d at 682, 98 S. Ct. at 2684-85.) However, not every aggrieved defendant may seek to exclude evidence obtained allegedly in violation of the fourth amendment because that amendment's constitutional safeguards are personal protections that may not be vicariously asserted. (*Alderman v. United States* (1969), 394 U.S. 165, 174, 22 L. Ed. 2d 176, 187, 89 S. Ct. 961, 966-67 (denying standing to coconspirators and codefendants); see also *People v. McNeil* (1972), 53 Ill. 2d 187, 192, 290 N.E.2d 602, 605 (adopting *Alderman* in Illinois).) Specifically, "defendants charged with crimes of possession may only claim the benefits of the exclusionary rule if their own Fourth Amendment rights have in fact been violated." (*United States v. Salvucci* (1980), 448 U.S. 83, 85, 65 L. Ed. 2d 619, 623, 100 S. Ct. 2547, 2549 (overruling the automatic standing rule of *Jones v. United States* (1960), 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725); see also *McNeil*, 53 Ill. 2d at 192, 290 N.E.2d at 605 (requiring a defendant to establish the manner ·in which his constitutional rights have been violated before permitting him to challenge the validity of a search and seizure).) The State argued in the trial court and in this court that defendant has no standing to raise the *Franks* issue. Therefore, the first matter we must address is the question of standing.

Standing is met when (1) the proponent of a particular legal right alleges an injury in fact, and (2) the proponent asserts his own legal rights and interests, rather than basing his claim for relief upon the rights of third parties. (*Rakas v. Illinois* (1978), 439 U.S. 128, 139, 58 L. Ed. 2d 387, 398, 99 S. Ct. 421, 428.) In *People v. Keller* (1982), 93 Ill. 2d 432, 440, 444 N.E.2d 118, 122, the supreme court concluded that defendants, who made no showing that they were legitimately on the premises of a garage that was searched, lacked standing to assert a violation of the fourth amendment.

■■ In the present case, defendant has repeatedly asserted that he has no legitimate interest in or connection with the residence that was searched. Without a legitimate interest in the residence searched, defendant cannot challenge the sufficiency of the search warrant (*Morrison*, 178 Ill. App. 3d at 82-83, 532 N.E.2d at 1081-82), and accordingly had no standing to seek a *Franks* hearing.

■■ Last, defendant argues that the trial court abused its discretion in sentencing him to 30 years in prison. The trial court's determination of an appropriate sentence should be upheld unless there has been an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d

149, 368 N.E.2d 882.) The offense of which defendant was convicted carries with it a possible range of imprisonment between 9 and 40 years. (Ill. Rev. Stat., 1988 Supp., ch. 56½, par. 1401.2.) Because defendant had been convicted of a Class X felony within 10 years of this most recent offense, he was eligible for an extended sentence of between 30 to 60 years. (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5— 3.2(b)(1), 1005—8—2(a)(2).) We note that defendant has an extensive record of juvenile delinquency, convictions for criminal damage to property (1979), unlawful use of weapons (1980), disorderly conduct (1980), felony possession of cannabis (1983), battery (1983), possession of cannabis (1987), and attempt (murder) combined with unlawful use of firearms by a felon (1987). Defendant was free on an appeal bond regarding his seven- and three-year sentences for those last convictions due to $35,000 in cash posted in January 1988. On this record, the court could have imposed an extended-term sentence of 60 years in prison. See Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3.2(b)(1), 1005—8—2(a)(2).

We also note the blatant violation of the drug laws of this State as shown in this record. We quote approvingly the following observation: "If narcotics traffic is a social and health hazard, then every narcotics dealer is a danger to society ***." *Hansford v. United States* (D.C. Cir. 1965), 353 F.2d 858, 860.

Our review of the record in this case discloses that the trial court considered all of the appropriate factors, and we have no reason to question the exercise of its discretion in imposing a 30-year sentence on these facts.

Affirmed.

KNECHT, P.J., and LUND, J., concur.