IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-30948

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

v.

CEDRIC K. ROBINSON,

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 07-00003

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Cedric K. Robinson was convicted for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, Robinson argues that the prosecutor's improper cross-examination questions and prejudicial comments during closing argument constitute grounds for reversal. Finding that the prosecutor's remarks do not constitute reversible error, we AFFIRM.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Robinson was arrested on August 26, 2006, in New Orleans by officers from the Special Operations Division of the New Orleans Police Department. The events surrounding the arrest were disputed at trial.

The three arresting officers testified that while on patrol in Central City, they spotted Robinson sitting alone on a stoop in front of a house on South Saratoga Street. The officers shined the light from their police car onto Robinson, who then looked at them and placed his hand on his waist before fleeing down an alley adjacent to the house. Two officers gave chase, and while they were in pursuit, Robinson discarded a firearm in the alley. One officer caught up with Robinson as he tried to jump a fence at the end of the alley. The other officer stopped to secure the gun. The officers then placed Robinson under arrest.

The defense witnesses, Chandra Jones and her brother, Lester Jones, gave a different account. Combined, they testified that on the night of Robinson's arrest, they were sitting on the front stoop of a house on South Saratoga Street with their sister and several other people, when two or three police cars converged on the block. The officers exited their vehicles and quickly rounded up at least seven people, including Chandra and Lester, their companions and a few people walking up the street. Amongst those rounded up was Robinson who had been walking near the corner of South Saratoga Street. The officers directed everyone to place their hands on the hoods of the police cars. As Chandra and Lester stood there, the officers ran their names through the police computer, searched their persons, and searched the surrounding area. One officer emerged from a nearby alley with a gun, placed it on the hood of a police car and began asking everyone to whom the gun belonged. The officers arrested Robinson and Lester Jones, who had an open warrant, and transported both men to Central Lockup in the same vehicle. Lester also testified that shortly after his

release, when he and Robinson were together, one of the arresting officers from that night came around the neighborhood. This officer indicated to Robinson that the reason for his arrest for the gun possession was to retaliate against Robinson for dating the officer's friend.

During cross-examination of Lester Jones, the prosecutor asked Lester whether he used marijuana the night of the arrest. After the defense's objection was overruled, Lester denied that he used marijuana that night or that he was a current user. The prosecutor then asked Lester about his past marijuana use, but the trial court admonished him to move on. The prosecutor then asked Lester whether he pled guilty to possession of marijuana two weeks prior to Robinson's trial. Lester replied in the affirmative, and the prosecutor asked a follow-up question about the exact date of the plea. When the prosecutor began his next question, the defense objected to the previous questions arguing that the marijuana conviction was a misdemeanor, and therefore, improper grounds for impeachment. Before the trial judge ruled, the prosecutor questioned Lester about his previous felony conviction for what he called "possession of heroin distribution." The defense did not object to this question. The cross examination continued and, without prompting, Lester referenced two instances of alleged police misconduct wherein officers planted marijuana on him. The prosecutor then asked if one of those instances was related to the open warrant for which he was arrested on the night in question. After Lester responded that his arrest that night was for a misdemeanor, the defense objected to the question, which the trial court sustained.

Finally, during his closing argument, as the prosecutor summed up the testimony of the defense witnesses, he called Lester "the convicted felon . . . [who] pled guilty to marijuana two weeks ago," and mistakenly referred to Chandra as "the defendant's sister." The defense did not object to either comment.

Before the case was submitted to the jury, Robinson stipulated to having a previous felony conviction and to the fact that the gun recovered that night was a firearm that had traveled in interstate commerce within the meaning of 18 U.S.C. § 921(a)(3). The government stipulated that no identifiable finger prints had been recovered from the gun or the ammunition. The jury found Robinson guilty. The district court sentenced Robinson to 120 months in prison. Robinson timely appealed.

II.

Robinson contends that the prosecutor improperly discredited both of his defense witnesses and that this misconduct deprived him of a fair trial. Specifically, Robinson points to the following alleged improprieties: (1) the prosecutor's repeated references on cross-examination to Lester Jones's misdemeanor conviction for possession of marijuana, which were reinforced during closing argument; (2) the prosecutor's mischaracterization of Lester Jones's felony heroin conviction to include an element of distribution; and (3) the prosecutor's reference to Chandra Jones as Robinson's sister.

Ordinarily, we review allegations of prosecutorial misconduct for an abuse of discretion. See United States v. Gracia, 522 F.3d 597, 600 n.2 (5th Cir. 2008) (citations omitted). To establish an abuse of discretion, a defendant must show (1) that the prosecutor made an improper remark; and (2) that the remark affected his substantial rights. Id. However, where the conduct was not contemporaneously objected-to at trial, we review only for plain error. To meet this more stringent standard, a defendant must demonstrate that (1) there was error, defined as a deviation from a legal rule; (2) it was plain, defined as obvious; and (3) it affected his substantial rights, defined as prejudicially affecting the outcome of his trial. Id. at 600; see also United States v. Gallardo-Trapero, 185 F.3d 307, 322 (5th Cir. 1999). Reversible plain error is that which seriously affects the fairness, integrity, or public reputation of the judicial

proceedings. Gallardo-Trapero, 185 F.3d at 322. We now turn to the issues on appeal.

## A.

Robinson first claims that the prosecutor improperly impeached Lester Jones on cross-examination with a misdemeanor conviction for possession of marijuana. There is some question, however, whether Robinson's objections to the prosecutor's statements regarding Lester Jones's misdemeanor conviction during cross examination were sufficiently contemporaneous to preserve this issue for review.[1] The record is clear that Robinson did not object to the prosecutor's reference to Lester's misdemeanor conviction during closing argument. The government argues that Robinson's late objections to the prosecutor's cross examination questions about the misdemeanor are insufficient to justify abuse of discretion review on appeal. Because we conclude that Robinson cannot succeed under either the abuse of discretion or plain error standard, we need not resolve this dispute.

The government argues that the prosecutor's mention of the misdemeanor conviction was proper to establish that Lester Jones was a marijuana user who may have used the night of the arrest and, as such, was not a credible witness to the events leading up to Robinson's arrest. First we must determine whether the prosecutor's use of the misdemeanor conviction for impeachment purposes was error.

Although the Federal Rules of Evidence permit impeachment of a witness with any felony conviction, see FED. R. EVID. 609(a)(1), a misdemeanor conviction can only be used for impeachment purposes if it can be readily determined that establishing the elements of the crime required proof or admission of an act of

---

[1] The record reflects that the prosecutor had asked and received answers to two questions about Jones's misdemeanor conviction, and was on to a third question, before defense counsel objected to the use of that conviction as impeachment evidence. The trial court never ruled on defense counsel's objection.

dishonesty or false statement by the witness. See FED. R. EVID. 609(a)(2).[2]  Here, the prosecutor used Lester Jones's prior conviction for misdemeanor possession of marijuana for impeachment.  Lester Jones's narcotic offense does not fall under Rule 609(a)(2)'s ambit because it did not involve an act of dishonesty or false statement.  See United States v. Galati, 230 F.3d 254, 261 n.5 (7th Cir. 2000) ("A person's past drug possession does not necessarily implicate dishonesty. . . ."); United States v. Thompson, 559 F.2d 552, 554 (9th Cir. 1977) (finding that the history of Rule 609(a) indicated that Congress sought to exempt from its purview crimes such as misdemeanor narcotics convictions); see also United States v. McDonald, 905 F.2d 871, 875 (5th Cir. 1990) (holding that drug use is not probative of character for truthfulness).  Therefore, the prosecutor's questioning of Lester Jones about this conviction, which he referenced again at closing, was erroneous because it deviated from the permissible scope of impeachment allowed by Rule 609(a)(2).

However, Robinson has not demonstrated that the improper impeachment of Lester Jones affected his substantial rights, and thus is not entitled to relief under either the abuse of discretion or plain error standards.  While relevant considerations include (1) the magnitude of the prejudice; (2) the effect of any cautionary statement; and (3) the strength of the government's evidence, the dispositive question is whether the prosecutor's remarks cast serious doubt on

---

[2] FRE 609(a)(1)-(2) reads in relevant part:

> For purpose of attacking the character for truthfulness of a witness:  (1) evidence that a witness other than the accused has been convicted of a crime shall be admitted . . . if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted; and (2) evidence that any witness has been convicted of a crime shall be admitted regardless of punishment, if it can be readily determined that establishing the elements of the crime required proof or admission of an of an act of dishonesty or false statement by the witness.

the correctness of the jury's verdict. Gracia, 522 F.3d at 603-04; see also United States v. Pando Franco, 503 F.3d 389, 395 (5th Cir. 2007).

Here, Robinson has not shown that he was prejudiced by the prosecutor's use of Lester Jones's misdemeanor possession of marijuana conviction. It is true that the prosecution improperly referenced the misdemeanor conviction even after the court admonished the prosecution to pursue a different line of questioning. However, Lester Jones, a defense witness, voluntarily referenced two other instances where his alleged marijuana use brought him in contact with law enforcement officers. Also, the prosecutor properly impeached Jones with evidence of his prior felony conviction for heroin possession. Therefore, Jones's record before the jury was not unblemished, and the misdemeanor conviction was cumulative of this other evidence of drug use. While the trial judge did not provide a cautionary statement to the jury to disregard the prosecution's improper use of the misdemeanor conviction either on cross or during closing, he did provide them with general instructions throughout the trial that any statements, objections or arguments by the lawyers were not to be considered as evidence. We presume that the general instructions given to the jury during trial are followed unless there is an overwhelming probability that the jury will not follow them and there is a strong probability that the effect of an improper comment was devastating. Gracia, 522 F.3d at 604. That probability does not exist here in light of the other admissible evidence the jury heard regarding Jones's criminal history. See id. Finally, the government's evidence against Robinson was not so weak as to warrant reversal in this case. The government offered the testimony of three officers who testified to the same version of events surrounding Robinson's arrest. As such, Robinson has not demonstrated that the prosecutor's remarks regarding Jones's misdemeanor conviction cast serious doubt on the correctness of the jury's verdict. Consequently, we deny relief on this claim.

B.

Robinson next claims that the prosecutor improperly discredited Lester Jones when, during cross-examination, he asked whether Lester had a prior felony conviction for "possession of heroin distribution." It is undisputed that Robinson did not object to this statement. As such, we review this point of error only for plain error.

Robinson has supplemented the record to show that Jones's sole felony conviction was for simple possession of heroin. He argues that the mischaracterization of Jones's felony to include an element of distribution prejudiced him before the jury because the public disfavors people who distribute drugs into the community more than those who keep it for personal use. The government contends that the prosecutor's misstatement of an otherwise admissible felony conviction did not constitute reversible plain error. We agree.

As stated above, Rule 609(a)(1) allows impeachment of a witness, other than the accused, with evidence of a felony conviction that is less than ten years old. The supplemental records provided by Robinson show that Jones was convicted of felony possession of heroin in 2000. As the conviction was less than ten years old at the time of Robinson's trial, it was permissible grounds for impeachment under the Federal Rules of Evidence. Nonetheless, Robinson claims by construing the conviction as a distribution offense, the prosecutor's misstatement was particularly damaging to Lester Jones's credibility and was therefore improper.

Assuming, without deciding that the prosecutor's misstatement was improper or erroneous, we conclude that Robinson is not entitled to relief on this claim because he cannot demonstrate that the remark affected his substantial rights. Significantly, before the case was submitted to the jury, the trial judge instructed them that simply because Lester Jones had a prior conviction, that fact did not in of itself discredit him. Robinson did not object to this instruction

and there is no evidence that the jury improperly disregarded it. Therefore, even if the mischaracterization was improper, the district court instructed the jury as to how it should weigh evidence of Lester Jones's felony conviction and Robinson has not shown that the remark influenced the jury's verdict. Accordingly, this claim is not grounds for reversal of his conviction.

C.

Finally, Robinson maintains that the prosecutor improperly discredited Chandra Jones's testimony when, during closing argument, he referred to her as "the defendant's sister." Because it is undisputed Robinson did not object to this statement, we review this claim for plain error only.

Robinson argues that because family members are considered inherently biased, the prosecutor's remark gave the jury a reason to discount Chandra Jones's account of the events leading to Robinson's arrest. Again, we agree with the government that admission of this comment was not reversible plain error.

The record reflects that the prosecutor did refer to Chandra Jones as Robinson's sister during closing argument. However, only a few sentences, later during the same argument, the prosecutor questioned whether the jury should believe "the brother and sister who hang out in the area all the time." This statement demonstrates that the prosecutor may have simply misspoken when he referred to Chandra as the Defendant's sister. However, even assuming that the misstatement does rise to the level of an improper or erroneous remark, Robinson once again has not shown that it affected his substantial rights. Any prejudice from this statement is undercut by the prosecutor's contradictory statement just a short time later, the fact that this was the only reference to Chandra Jones as Robinson's sister, and that throughout the course of the trial it was made clear that Chandra and Lester Jones were brother and sister. Moreover, the trial judge instructed the jury that the lawyer's statement were not evidence in the case.

Therefore, Robinson has not met his burden with respect to showing that this remark constituted reversible error.

III.

For the foregoing reasons, we affirm Robinson's conviction.